IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DALE P.[1], | Case No. 3:18-cv-00003-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

ROBYN M. REBERS
Robyn M. Rebers, LLC
P.O. Box 3530
Wilsonville, OR 97070

BILLY J. WILLIAMS
United States Attorney
RENATA GOWIE
Assistant United States Attorney
District of Oregon
1000 SW Third Ave., Suite 600
Portland, OR 97204-1011

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

1 – OPINION AND ORDER

JEFFREY E. STAPLES
Special Assistant United States Attorney
Office of the General Counsel
701 Fifth Ave., Suite 2900 M/S 221A
Seattle, WA 98104-7075

*Opinion and Order*

ACOSTA, Magistrate Judge:

Dale P. ("Plaintiff") seeks judicial review of the final decision by the Social Security Commissioner ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA"). This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Based on a careful review of the record, the Commissioner's decision is AFFIRMED.

*Procedural Background*

Plaintiff filed for DIB on February 10, 2014, alleging disability as of January 1, 2011, due to depression; anxiety; post-traumatic stress disorder ("PTSD"); and colon cancer. (Tr. 190.) His application was denied initially and upon reconsideration. (Tr. 22.) A hearing was held on October 27, 2016, before an Administrative Law Judge ("ALJ"); Plaintiff was represented by an attorney, and testified, as did a vocational expert ("VE"). (Tr. 44-59.) On November 29, 2016, ALJ Paul Robeck issued a decision finding Plaintiff not disabled. (Tr. 22-30.) Plaintiff requested timely review of the ALJ's decision and, after the Appeals Council denied his request for review, filed a complaint in this Court. (Tr. 1-3.)

*Factual Background*

Born in 1950, Plaintiff was 60 years old on his alleged disability onset date. (Tr. 28.) He completed high school, and previously worked as a self-employed welder and metal fabricator. (Tr. 191.)

*Standard of Review*

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1502. First, the Commissioner considers whether a claimant is engaged in "substantial gainful activity." *Yuckert*, 482 U.S. at 140; 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled.

At step two, the Commissioner evaluates whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment, he is not disabled.

At step three, the Commissioner determines whether the claimant's impairments, either singly or in combination, meet or equal "one of a number of listed impairments that the

3- OPINION AND ORDER

[Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(d). If so, the claimant is presumptively disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner resolves whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(f); 404.920(f). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner.

At step five, the Commissioner must demonstrate that the claimant can perform other work existing in significant numbers in the national or local economy. *Yuckert*, 482 U.S. at 141-42; 20 C.F.R. § 404.1520(g). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1566.

*The ALJ's Findings*

At step one of the sequential evaluation process outlined above, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date, January 1, 2011. (Tr. 24.)

At step two, the ALJ determined Plaintiff had the following severe impairments: anxiety; depression; and PTSD. (Tr. 24.) The ALJ found Plaintiff's colon cancer and tinnitus to be non-severe impairments.[2] (Tr. 24.)

At step three, the ALJ found that Plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment. (Tr. 25.) Because Plaintiff did not establish disability at step three, the ALJ continued to evaluate how Plaintiff's impairments affected his ability to work during the relevant period. The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform the full range of work at all exertional levels as defined

---

[2] Plaintiff's colon cancer was in remission during the adjudicatory period.

4- OPINION AND ORDER

by 20 C.F.R. §§ 404.1567(b) except "he was limited to unskilled work consistent with simple, repetitive tasks; incidental public contact; no working as part of a team; and only occasional supervisory contact." (Tr. 26.)

At step four, the ALJ found that Plaintiff was unable to perform his past relevant work as a fabrication welder and licensed contractor. (Tr. 28.)

At step five, based on the testimony of the VE and other evidence, the ALJ determined Plaintiff could perform other work existing in significant numbers in the national and local economy despite his impairments, including floor cleaner, hospital housekeeper, and office cleaner. (Tr. 29.) Accordingly, the ALJ concluded Plaintiff was not disabled under the Act. *Id.*

*Discussion*

Plaintiff argues the Commissioner failed to adequately address: (1) his subjective symptom testimony; (2) the medical opinion of Dr. Linda Rotering, Ph.D.; (3) the "other source" medical opinion of Tracie McDowell, counselor; and (4) whether Plaintiff's RFC was supported by substantial evidence.

I.  Plaintiff's Subjective Symptom Testimony

The Ninth Circuit relies on a two-step process for evaluating the credibility of a claimant's testimony about the severity and limiting effect of the stated symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citing *Lingenfelter v. Astrue*, 503 F.3d 1028, 1035-36 (9th Cir. 2007)). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter*, 503 F.3d at 1036 (citation and quotation marks omitted). Second, absent evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Further, an ALJ

5- OPINION AND ORDER

"may consider . . . ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, . . . [or] other testimony that appears less than candid. . . ." *Id.* at 1284. However, a negative credibility finding made solely because the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence" is legally insufficient. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). Nevertheless, the ALJ's credibility finding may be upheld even if not all of the ALJ's rationales for rejecting claimant testimony are upheld. *See Batson*, 359 F.3d at 1197.

On March 25, 2014, Plaintiff completed an Adult Function Report detailing functional difficulties imposed by his impairments. (Tr. 196-204.) Plaintiff stated that his PTSD, anxiety, and depression kept him from comfortably traveling outside his comfort zone or interacting with strangers or clients. (Tr. 196.) Plaintiff further stated that he golfed one-to-two times per week and could drive, but he preferred to be alone. (Tr. 200.) Plaintiff alleged that his impairments affected his ability to speak, complete tasks, concentrate, and get along with others; he also asserted that he did not get along with authority figures or handle stress or changes in routine effectively. (Tr. 201-02.)

At the administrative hearing, Plaintiff testified that he worked part-time at home as a metal fabricator but did not take very many clients. (Tr. 45.) Plaintiff stated that he could not work with "unreasonable" clients and was uncomfortable travelling outside of his small town. (Tr. 46.) Plaintiff noted that he had trouble dealing with supervisors and, even when he became self-employed, the stress of fulfilling a client's order was overwhelming. (Tr. 49.) Plaintiff further stated that he required easy access to a bathroom because portions of his colon and bladder had been removed during surgery to treat his colon cancer. (Tr. 46.)

The ALJ rejected Plaintiff's subjective testimony, noting that he did not receive mental health treatment during the adjudicatory period. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.

6- OPINION AND ORDER

1989) (an ALJ may reject a plaintiff's subjective testimony for an "[u]nexplained, or inadequately explained, failure to seek treatment"). Plaintiff saw a counselor for symptoms related to PTSD from January 2009 until September 2010, but Plaintiff alleged that his disability began on January 1, 2011, and he did not seek mental health treatment after that date. Plaintiff argues that his lack of treatment was actually a symptom of his PTSD, as he testified to an intense aversion to driving and a tendency to self-isolate. However, the ALJ's interpretation of the record is rational: Plaintiff was able to attend psychological counseling in the period immediately preceding his alleged disability onset date, and his providers noted that he benefited from treatment. In fact, Plaintiff's treating therapist, Dr. Linda Rotering, closed his case in September 2010 after determining that his prognosis was good, and in June 2012, Plaintiff declined to meet with a mental health counselor upon establishing primary care at a VA clinic. (Tr. 287, 347.) The Court also notes that Plaintiff did not take any medication to address his mental health during the adjudicatory period, and further, Plaintiff acknowledged that counseling helped his PTSD symptoms. (Tr. 288, 314.) Moreover, the ALJ permissibly inferred that Plaintiff's symptoms were not as disabling as alleged because Plaintiff did not seek alternative forms of counseling such as phone appointments, video appointments, or in-home therapy, which would have allowed him to remain at home while receiving admittedly beneficial treatment. Accordingly, the ALJ appropriately concluded that Plaintiff's mental health symptoms were not disabling.

The ALJ also found that Plaintiff's activities of daily living belied his subjective symptom testimony. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ noted that although Plaintiff testified he disliked leaving his home, he nonetheless played golf, rode motorcycles, and went shopping regularly. Furthermore, despite Plaintiff's testimony that his inability to drive to work would be a serious impediment to maintaining employment, he was

7- OPINION AND ORDER

able to drive himself to appointments, shop occasionally, and ride motorcycles with his friends as a hobby. While Plaintiff argues that because he was unable to drive on the freeway he was restricted to driving on backroads, the ALJ's interpretation of the record was rational because, at the very least, Plaintiff clearly retained sufficient driving ability to travel to job sites near his home.

The ALJ also noted that while Plaintiff testified that surgery on his bladder and colon necessitated easy access to a bathroom, Plaintiff reported that he felt "great" physically on a consultative examination in July 2014, and he denied experiencing symptoms related to colon cancer at clinical visits with other providers. As such, the ALJ did not err in declining to include restrictions related to Plaintiff's colon cancer in the RFC. *See Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (an ALJ may discredit a plaintiff's testimony due to prior inconsistent statements about his symptoms).

II. Dr. Rotering's Medical Opinion

The ALJ must provide clear and convincing reasons for rejecting the uncontradicted medical opinion of a treating or examining physician, or specific and legitimate reasons for rejecting contradicted opinions, so long as they are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Nonetheless, treating or examining physicians are owed deference and will often be entitled to the greatest, if not controlling, weight. *Orn*, 495 F.3d at 633 (citation and internal quotation omitted). An ALJ can satisfy the substantial evidence requirement by setting out a detailed summary of the facts and conflicting evidence, stating his interpretation, and making findings. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 600-01 (9th Cir. 1999). However, "the ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted). Accordingly, the ALJ's

8- OPINION AND ORDER

reasons for rejecting the treating and examining physicians must be specific and legitimate, and supported by substantial evidence. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

Dr. Linda Rotering, Ph.D. treated Plaintiff from January 21, 2009, until September 2010. (Tr. 343-44.) Dr. Rotering diagnosed Plaintiff with PTSD as a result of his service in the Vietnam War. (Tr. 332.) The doctor noted that Plaintiff self-isolated and experienced anxiety around other people, and had trouble focusing and completing goals. *Id.* Dr. Rotering opined that Plaintiff experienced a "significant decrease in his work efficiency and an increasing inability to perform his requirements at work." (Tr. 333.)

The ALJ gave little weight to Dr. Rotering's opinion because it was provided before Plaintiff's alleged onset date and because Plaintiff did not participate in any mental health treatment after the alleged onset date — both of which are legally sufficient reasons to grant little weight to a treating provider's opinion. *See Fair*, 885 F.2d at 600. While Plaintiff argues that his lack of treatment is immaterial because Dr. Rotering stated in 2009 that Plaintiff's condition would not improve, Plaintiff's argument is inapposite: Dr. Rotering eventually concluded in September 2010 that Plaintiff's prognosis was "good" and closed his case file, indicating that Plaintiff's condition had improved. Additionally, Plaintiff, during the adjudicatory period, declined treatment from mental health counselors, did not take any medications for his mental health, and acknowledged that counseling helped his PTSD symptoms.[3] (Tr. 287, 288, 314, 347.) Plaintiff further argues that while Dr. Rotering's opinion was provided before the alleged onset date, it is relevant to the adjudicatory period because the ALJ is required to examine the "longitudinal picture" of Plaintiff's medical history. However, as discussed above, the

---

[3] Plaintiff characterizes the assertion that he improved during the adjudicatory period as post-hoc evidence that was not raised by the ALJ, but the ALJ specifically noted that Plaintiff reported abatement of his PTSD symptoms due to counseling. (Tr. 27.)

9- OPINION AND ORDER

longitudinal picture of Plaintiff's impairments during the adjudicatory period differs significantly from the restrictions laid out by Dr. Rotering in 2009. Therefore, the ALJ did not err in giving little weight to Dr. Rotering's opinion.[4]

III.  Counselor Tracie McDowell's Other Source Opinion

As a counselor, Tracie McDowell is considered an "other source" under the regulations. 20 C.F.R. § 416.913(d). Some of the factors an ALJ may consider when assigning weight to "other sources" include: (1) how long the source has known and how frequently the source has seen the individual; (2) how consistent the opinion is with other evidence; (3) the degree to which the source presents relevant evidence to support an opinion; (4) how well the source explains the opinion; (5) whether the source has a specialty or area of expertise related to the individual's impairments; and (6) any other factors that tend to support or refute the opinion. SSR 06–3P, *available at* 2006 WL 2329939, at *4–5 (Aug. 9, 2006). After weighing these factors, an ALJ may expressly reject the opinion of "other sources" if the she provides reasons germane to the witness for doing so. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010). An ALJ must consider non-medical evidence by individuals with knowledge of the claimant's functioning. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 974–75 (9th Cir. 2000). "Where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Comm'r of the Soc. Sec. Admin.*, 454 F.3d 1050 (9th Cir. 2006).

---

[4] Plaintiff also argues that his lack of mental health treatment is a symptom of his PTSD, but as noted above, this argument is unavailing because Plaintiff did not seek out less intrusive means of therapy or continue his beneficial counseling sessions.

10- OPINION AND ORDER

Counselor McDowell performed a mental health assessment on February 28, 2010, and diagnosed Plaintiff with PTSD. She noted that Plaintiff had difficulty sleeping and concentrating, and exhibited anger and irritability. (Tr. 341.) Counselor McDowell further noted that Plaintiff preferred to spend time at home and avoided travelling outside of his comfort zone. (Tr. 339.) The counselor opined that Plaintiff would benefit from treatment. (Tr. 342.)

The ALJ gave little weight to counselor McDowell's opinion for the same reasons he gave little weight to Dr. Rotering's opinion: counselor McDowell's February 2010 opinion was provided before Plaintiff's date last insured of January 1, 2011, and Plaintiff was not treated for his mental impairments thereafter, suggesting that his mental impairments were not severe enough to be disabling. The ALJ's reasoning, discussed in greater detail above, applies equally to counselor McDowell's opinion.

The ALJ also noted that counselor McDowell's opinion did not provide any specific functional limitations regarding Plaintiff's ability to work and was, therefore, of limited use. *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010) (ALJ did not err in rejecting a doctor's opinion due to a lack of clarity about whether the doctor actually opined disabling limitations). Counselor McDowell noted that Plaintiff suffered from PTSD, experienced nightmares, avoided "stimuli associated with traumatic events," and exhibited difficulty concentrating, as well as anger and irritability. (Tr. 341.) Counselor McDowell opined that Plaintiff was significantly impaired in "several areas of functioning," but did not elucidate those areas or how they would affect his ability to work. Consequently, the ALJ's finding that counselor McDowell's analysis was of little use in evaluating the functional limitations of Plaintiff's impairments must be upheld.

Plaintiff argues that the ALJ's opinion was internally inconsistent because the ALJ gave great weight to the July 2014 consultative opinion of Dr. John Adler, Ph.D., despite

11- OPINION AND ORDER

acknowledging that Dr. Adler's opinion was "somewhat vague." (Tr. 27.) However, Dr. Adler opined that Plaintiff "would function better in a work setting with less pressure, small numbers of people, and perhaps closer to home," which provided at least some guidance for the ALJ when formulating the RFC. (Tr. 27.) Therefore, the ALJ's opinion is consistent with the evidence of record.

IV.     Plaintiff's RFC

The RFC is the most a person can do, considering his physical or mental impairments. *See* 20 C.F.R. § 404.1545. The RFC must include all medically determinable impairments, even those considered non-severe. *Id.*; SSR 96–8p *available at* 1996 WL 374184.

Plaintiff argues the ALJ erred by failing to include limitations in the RFC associated with Plaintiff's inability to work with authority figures, adhere to deadlines, and conform to a set schedule. However, those arguments are predicated upon the Court finding ALJ error as to either Plaintiff's subjective symptom testimony, the opinion of Dr. Rotering, or the other source opinion of counselor McDowell. Because the ALJ did not err in rejecting Plaintiff's testimony and the opinions of Dr. Rotering and counselor McDowell, the assessed RFC accounted for all functional impairments supported by substantial evidence; therefore, the ALJ did not err in formulating the RFC.

*Conclusion*

Based on the foregoing, the Commissioner's decision denying Plaintiff's application for DIB is AFFIRMED.

DATED this 5th day of February, 2019.

John V. Acosta
United States Magistrate Judge

12- OPINION AND ORDER